## Sophie T. Soutter v. Estate of James T. Soutter

(102 A2d 852)

January Term, 1954.

Present: **Sherburne, C. J., Jeffords, and Adams, JJ., and Hulburd, Supr. J.**

Opinion Filed February 2, 1954.

*Paul A. Bourdon* for the appellant.

*Henry F. Black* and *Franklin S. Billings, Jr.*, for the appellee.

**Jeffords, J.** James T. Soutter having become insane, a guardian was appointed by the probate court for the district of Hartford. Commissioners were also appointed of the guardianship estate. The plaintiff presented a claim to the commissioners based on a claimed loan made by her to Soutter.

This claim was disallowed and an appeal from the disallowance was taken by the plaintiff to the county court. After some preliminary procedural matters not here material, the guardian filed a plea in abatement, the ground of which, in substance, was that when this action was commenced Soutter and the plaintiff were husband and wife, and consequently the court had no jurisdiction to hear the appeal as an action at law between husband and wife is prohibited by the common law as well as by the laws of this state. The plaintiff filed an answer denying the allegation of want of jurisdiction and alleging that the court had jurisdiction.

A hearing was had on the plea in abatement. It was conceded that the parties were husband and wife on July 25, 1952, the date on which it was alleged by the plaintiff that she presented her claim to the commissioners. The court allowed the plea in abatement and entered a judgment dismissing the appeal. Exceptions were allowed the plaintiff and the case is here on these exceptions.

*Metcalf* v. *Metcalf's Est.*, 89 Vt 63, 94 A 1, 2, is a case much in point with the present one. In that case the plaintiff filed a claim based in book account with the commissioners of the estate of her deceased husband. The appeal was disallowed and the plaintiff appealed to the county court. There the defendant filed a plea in bar like in its essence to the plea in abatement here in question. The plea was demurred to and the demurrer was sustained and the plea adjudged insufficient. This ruling was affirmed on appeal to this Court.

The following significant language appears in the opinion: "The accounting here asked for may have affected the wife's sole and separate .estate, and if so she certainly is not left without remedy." * * * "the jurisdiction of the commissioners to allow and adjust claims against his estate is so broad that, in respect to dealings between her and her deceased husband as to her sole and separate estate, she may resort to the commissioners, who can afford full, prompt, and convenient relief."

For other cases with like holdings see *Stockwell* v. *Stockwell's Est.*, 92 Vt 489, 105 A 30; *Atkins Est.* v. *Atkins Est.*, 69 Vt 270, 37 A 746. For a good discussion of the claims which

commissioners have jurisdiction to adjust and allow and the reasons therefor, see the opinion in *Spaulding* v. *Est. of Warner*, 52 Vt 29.

It is clear that by V. S. 47, §3347, the commissioners in the case of a guardianship have the same jurisdiction to allow claims, such as the one here alleged, against a ward's estate as commissioners in the estate of a deceased person have to allow such claims against the estate of such person. Consequently the holdings in the Metcalf case and the other cases above cited apply here.

The case of *Purdy* v. *Est. of Purdy*, 67 Vt 50, 30 A 695, shows that jurisdiction to allow claims such as the one here is not confined to claims against any particular kind of an estate. In that case the wife of an insolvent debtor was allowed her claim on a note of her husband, held by her, against his estate in insolvency.

The case of *Comstock* v. *Comstock*, 106 Vt 50, 169 A 903, was much relied upon below and is here. That was an action of tort to recover damages by a wife against her husband for injuries received by her while riding in his automobile. The holding therein does not apply to the facts here.

As it appears that the alleged loan may have been made from the plaintiff's sole and separate estate, it follows from what we have said above that the county court was in error in its allowance of the plea in abatement and the entry of judgment dismissing the appeal. This holding makes it unnecessary to discuss the other matters briefed by the plaintiff in support of her claim of error.

*The judgment dismissing the appeal is reversed. The appeal is allowed and the cause is remanded.*